# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

DAWN L. REDDING,

    Plaintiff,

v.        CASE NO. 4:04cv257-RH/WCS

STATE OF FLORIDA,
DEPARTMENT OF JUVENILE
JUSTICE,

    Defendant.

_____/

## ORDER ABROGATING REQUIREMENT
## FOR PLAINTIFF TO RESPOND TO DEFENDANT'S
## MOTION FOR JUDGMENT AS A MATTER OF LAW

After a seven-day trial, the jury in this employment discrimination action returned its verdict partially in favor of plaintiff and partially in favor of defendant. Defendant has moved for judgment as a matter of law. Plaintiff has moved for an extension of six business days of the deadline for responding. Defendant consents to a five-business-day extension, but not to six.

I presided over the trial. The jury's verdict accorded perfectly with the evidence and the governing law. By separate order, I expect to deny the motion for

*Page 2 of 2*

judgment as a matter of law.  If, however, in preparing the order, I conclude that any part of the motion may be well founded, I will afford plaintiff an opportunity to respond.  Unless and until I so notify plaintiff, plaintiff will not be required to respond.[1]

For these reasons,

IT IS ORDERED:

On the court's own motion, plaintiff is relieved of the obligation under Local Rule 7.1 to file a memorandum in response to defendant's motion for judgment as a matter of law (document 88).  Plaintiff's motion (document 89) for an extension of the deadline for responding to defendant's motion is DENIED AS MOOT.  Plaintiff may, but need not, file a response to defendant's motion at any time.  The obligation to respond will be reinstated, and a new deadline for a response will be set, prior to entry of any order granting defendant's motion in whole or in part.

SO ORDERED this 10th day of May, 2005.

s/Robert L. Hinkle  
Chief United States District Judge

---

[1] It is in both sides' interest that plaintiff not respond if, even in the absence of such a response, defendant's motion would be denied.  Relieving plaintiff of the obligation to respond will (a) save time for plaintiff's attorney, and (b) in the event plaintiff ultimately prevails, save attorney's fees that otherwise might be awarded against defendant.

*Case No: 4:04cv257-RH/WCS*